## BROUN v. COLLIER.
### No. 2050.

Court of Civil Appeals of Texas. Beaumont. Feb. 25, 1931.

Rehearing Denied March 4, 1931.

A. D. Lipscomb, of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

WALKER, J.

On September 25, 1928, appellee was employed by appellant as sales director or manager of his brokerage department. The contract was evidenced by the following letter written by appellant to appellee:

"Beaumont, Texas. September 25th, 1928.

"Mr. Arthur J. Collier, City.

"Dear Sir:–Effective October 1st your salary or drawing account will be One Hundred and Fifty ($150.00) Dollars per month with this additional provision, that in consideration of your services as Sales Director or Manager you are to receive a credit of 1% overriding commission on all sales made through the brokerage department of our business including any sales made by you and any month that the net amount of the commission computed on this basis exceeds the sum of One Hundred Fifty ($150.00) Dollars you are to receive this additional amount, and should the commissions not reach the amount of your salary or drawing account, in this event the $150.00 will be only charged as a salary.

"This agreement may be canceled by either you or ourselves on fifteen days written notice, and in case you should leave our employ before December 31, 1928, you would not participate in any bonus.

"Yours very truly,
"ECB/e    E. Conway Broun Company
"O. K.              By E. Conway Broun
"Arthur J. Collier."

Appellee sued appellant upon this contract, alleging that the sales through his department amounted to $414,306. He attached to his petition an itemized statement of all sales claimed by him. He further pleaded all payments made to him by appellant and also that he was due appellant certain promissory notes which he listed as credits against his claim. The total of these credits amounted to $3,302.21. The prayer was for the balance due in the sum of $840.85.

By his answer appellant raised the issues that appellee was not entitled to commission on the following character of sales: (a) Repairs and construction work; (b) appellant's own property; (c) sales made by appellant personally; (d) substitute sales, that is, sales where one purchaser surrendered a sale contract to another purchaser; (e) exchange of appellant's property for other property; (f) sales that were not fully consummated, through no fault of appellant; (g) sales made by other parties without intervention of appellant's brokerage department. He also pleaded that appellee waived his commission on certain sales. Appellant also pleaded by way of cross-action the notes listed by appellee, and prayed for judgment thereon with attorney's fees. Appellee did not specially answer the cross-action.

The trial was to the court without a jury, with judgment for appellee for the amounts sued for. Conclusions of law and fact were filed fully supporting the judgment.

### Opinion.

It was an issue of fact as to what sales and what character of sales were "made through the brokerage department." Under the evidence offered by appellee, every sale listed by him was made through the brokerage department and finally consummated. There was nothing in the contract saying that appellee should not have commissions on sales for repairs and construction work. His testimony was that the materials for repairs and construction work were sold through his department. His testimony was further to the effect that appellant's own property was listed with and sold through the brokerage department; that the sales claimed by appellant personally were listed with the brokerage department; that the substitute sales, that is, where one purchaser was substituted for another, were handled through the brokerage department; that exchanges of property were handled through the brokerage department; that he had listed no sale in his account against appellant that was not fully consummated. This testimony fully supported the conclusions of fact in favor of appellee.

The court did not err in refusing attorney's fees on the notes sued on by appellant's cross-action. Before these notes were placed in the hands of an attorney, appellee's debt against appellant had accrued and he had tendered appellant a settlement by allowing him credit on his account against these notes, and in his suit against appellee had allowed appellant full credit therefor.

The issues in this case were merely fact issues, and appellant is bound by the decision of the trial court thereon.

Affirmed.