## SLUSSLER et al. v. PATTERSON et al.

### No. 9485.

Court of Civil Appeals of Texas. Austin.

Jan. 31, 1945.

John C. Butler, of Austin, for appellant.

Wright Stubbs, of Austin, for appellees.

BLAIR, Justice.

This appeal involves the question of the sufficiency of a tender of the amount due on the note in suit to bar recovery of the 10% attorney's fees stipulated and the court costs.

The note, dated January 27, 1942, for $1,500 was executed by Marvin C. Patterson, Alva Patterson, and W. W. Scott, payable to Mutual Deposit & Loan Company, in monthly installments of $18. The payee was a building and loan association, and the note was given for stock in the association, and was also secured by a deed of trust lien on certain real estate. The note and lien were sold and transferred by the payee to John Jackson Slussler on September 24, 1943, at which time there was due a balance of $1,378.03, subject to the following provisions of the note:

"It is agreed and understood that Payee, at its option, may sell, pledge, and assign this note, together with all liens securing its payment. In the event and at the time said Company ceases to be the owner of this note and the liens securing its payment, the then withdrawal value of said shares of stock shall be credited to the principal of this note and said shares shall be canceled; and the balance due on this note, in the hands of the then owner and holder, shall be payable in equal monthly installments of $18.00, the first of said installments due on the 10th day of the calendar month succeeding the date of such sale and transfer, and a like installment being due and payable on the 10th day of each and every calendar month thereafter, until this note, both principal and interest, has been fully paid; installments, as paid monthly, to be applied first to the payment of all interest then due hereon; and the balance then remaining, if any, to be applied on the principal hereof.

"In the event default is made in the payment of any installment, or in the performance of any of the obligations, covenants or agreements legally imposed by the terms of this note or the deed of trust securing its payment, and such default or arrearage shall continue for a period of two months, at the option of the holder, the whole indebtedness evidenced hereby may be declared due and payable and may be collected by suit or by the powers contained in the deed of trust.

"It is further agreed that upon this note becoming or being declared due and upon the same being placed in the hands of an attorney for collection, or if collected by suit or through the Probate or Bankrupt Court, then 10% additional on the principal and interest then due shall become due and collectible as collection or attorney's fees."

The note further provides that it may be paid off after giving three months' written notice of intention to do so. It further provides that the holder may pay fire insurance premiums on the premises securing the debt, and may apply any part or all of the monthly installments paid to reimburse the holder for any sum so advanced.

Scott purchased the property, and as between him and the other comakers of the note, became primarily liable for its payment. On November 6, 1943, Slussler filed suit on the note for the balance due thereon of $1,378.03, with 6% interest from September 24, 1943, and 10% attorney's fees, and for foreclosure of the deed of trust lien securing the debt. He also sued for $11.07 advanced to pay for the insurance on the premises. Scott was cited by publication, and default judgment was rendered for Slussler as prayed. Later Scott appeared and caused the judgment to be set aside, upon the ground that the suit had been prematurely brought under the provision of the note which provides that the holder may not exercise the option to declare all the indebtedness due on the note until the "default or arrearage shall continue due for a period of two months." Later, on May 29, 1944, Slussler sold the note, lien and chose in action to Mrs. Anna Marie Kamp, a widow, and as substitute plaintiff she filed her second amended original petition, seeking to recover the $1,378.03 with 6% interest from September 24, 1943, and 10% attorney's fees, and for foreclosure of the deed of trust lien. She

also sued for the $11.07 paid by Slussler for the insurance on the premises.

Scott and the other comakers of the note answered that Scott had tendered the amount due on the note prior to the filing of the suit by Slussler, and that in consequence he and the subsequent holder were barred from recovery of the attorney's fees stipulated for in the note, and the costs of the court. By pleadings the defendants tendered the amount due on the note into court, and prior to the date of the judgment the amount due on the note was paid into the registry of the court.

On the issue of tender the facts as testified to by Scott show that he was away in the army for several months, and after his discharge from the army was away in defense work. The May, June, July, August and September, 1943, installments were not paid. He called at the office of the Mutual Deposit & Loan Company, the payee and then holder of the note, and asked to pay it off. The officials of the company told him that he would have to give written notice for three months, or deposit the money with the company for that period. Later, during the latter part of September, 1943, he returned to the office of the company for the purpose of placing the money due on the note with it as it had previously requested, in order to pay the note in full. He was told that the company had sold the note to Slussler and that Mr. Butler was his attorney. On the following day, which was some time between September 24 and October 5, 1943, he called at the office of Mr. Butler with the money to pay off the note, and testified that Mr. Butler "told me he had sold the place and couldn't take the money and wanted me to sign a paper for him, and he had a bunch of papers there for me to sign." Scott refused to sign the papers, telling Butler that the property was worth more than the amount offered him. Scott testified that he had not seen Slussler, and that he had not theretofore seen nor authorized Butler to sell the property for him. Butler denied that Scott had ever been in his office. Upon this conflicting evidence the trial court held that the tender was made, and denied the recovery of the attorney's fees and costs of suit. The amount due on the note having been deposited in the court, the judgment directed that said amount, $1,461.45, less the costs of court, be paid to the substitute plaintiff, appellant here;

and a foreclosure of the deed of trust lien was denied; hence this appeal.

Under the foregoing conflicting evidence the findings of the trial court that the tender was made prior to the institution of this suit on the note and before the time holder could exercise his option to declare the indebtedness due under the acceleration of payment clause, is conclusive of the matter. The rule is settled that tender seasonably made of the amount due on a note defeats the right to the attorney's fees and the cost of the suit filed after the tender. Broun v. Collier, Tex.Civ.App., 35 S.W.2d 1050; Prim v. Farmers Nat. Bank, Tex.Civ.App., 28 S.W.2d 941; Whaley v. Coronal Institute, Tex.Civ.App., 48 S.W.2d 687; 6 Tex.Jur. 1629; 1 Per.Supp. Tex.Jur., 703.

The contention of appellant is that the three months' written notice to pay the note in full was not given, and that the tender without such notice was ineffectual. Appellant did not refuse the tender because the three months' written notice to pay off the note had not been given, but because the property securing the note had been sold. Scott had not authorized the sale of the property. After so refusing the tender of the amount due on the note, the then holder brought this suit on the note less than two months after the default in the payment of the installment due on October 10, 1943. The suit was therefore prematurely brought under the terms of the note. It could not have been brought because no default had taken place at the time the note was placed in the hands of the attorney for collection, nor at the time he refused payment of the amount due on the note because the property had been sold. The subsequent purchaser of the note, lien and chose in action, substitute plaintiff herein, is bound by the terms of the note and the foregoing transactions with respect to tender of the amount due on the note by Scott. Scott having died pending this suit, his heirs and legal representatives were substituted as defendants, and are entitled to the benefit of the tender made by Scott of the amount due on the note. Our foregoing conclusions dispose of the appeal, and all points of appellant have been considered and are overruled.

The judgment of the trial court is affirmed.

Affirmed.